OPINION
{¶ 1} Appellant David M. Spencer appeals the decision of the Court of Common Pleas, Stark County, which established his child support obligation pursuant to a motion to modify a shared parenting plan filed by appellant. The appellee is Holly Spencer.
 {¶ 2} Appellant and appellee had a daughter, Kelsey Spencer (born 11/8/92), during their marriage. The parties were granted dissolution of their marriage on July 25, 1994. Incorporated into the Decree of Dissolution was a Separation Agreement and a Shared Parenting Plan. The parenting plan was modified by stipulated entry in 1995 and again in 2003.
 {¶ 3} In August 2004, appellant filed a motion to modify the parenting plan in the Stark County Court of Common Pleas, which was eventually set for a hearing in July 2005.
 {¶ 4} At the hearing on July 13, 2005, the parties reached an agreement as to all issues except the financial support of the child and the payment of the child's uninsured medical expenses (See Magistrate's Decision, filed July 13, 2005). With respect to the child support and uninsured medical expense issues, the court directed the parties to file proposed guidelines with attachments in support by July 15, 2005. On July 15, 2005, both appellant and appellee filed briefs supporting their respective positions regarding child support and uninsured medical expenses with attached exhibits and proposed child support guideline worksheets. In his Brief, appellant asked the court to deviate from the child support guideline amount on the grounds that the amount calculated pursuant to the child support schedule would be unjust or inappropriate and not in the best interest of the child.
 {¶ 5} On August 8, 2005 the Magistrate determined that a deviation from the child support guideline amount was not justified and ordered appellant to pay $789.57 per month in child support and 68% of all uninsured medical expenses (that exceed $100.00 per year). In reaching this decision, the Magistrate found that "[t]he fact of David Spencer being with Kelsey forty or forty-eight percent (depending upon the calculation of time approved) of the time is not sufficient in and of itself to make a finding that the amount is automatically unjust, inappropriate, and not in the best interests of the child."
 {¶ 6} On August 22, 2005, appellant, filed a timely Objection to the Magistrate's August 8, 2005 Decision on the grounds that the Decision was an abuse of the Magistrate's discretion and that the Decision was contrary to the law in the State of Ohio.
 {¶ 7} Following a hearing on September 26, 2005, the trial court overruled appellant's objections. The Judgment Entry incorporating the parties' agreement at the July 13, 2005 hearing and the Magistrate's Decision regarding child support and the payment of uninsured medical expenses was filed on November 30, 2005.
 {¶ 8} It is from this Judgment Entry that appellant filed the instant appeal. Appellant has raised three Assignments of Error for our consideration:
 {¶ 9} "I. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT A DEVIATION FROM THE PRESUMPTIVE CHILD SUPPORT AMOUNT OF THE SHARED PARENTING CHILD SUPPORT WORKSHEET AND BY FAILING TO FIND THAT THE GUIDELINE AMOUNT WAS UNJUST OR INAPPROPRIATE AND NOT IN THE BEST INTEREST OF THE CHILD.
 {¶ 10} "II. THE TRIAL COURT ERRED BY FAILING TO SET FORTH FINDINGS OF FACT TO SUPPORT ITS DETERMINATION TO DESIGNATE APPELLEE AS THE RESIDENTIAL PARENT FOR CHILD SUPPORT PURPOSES.
 {¶ 11} "III. THE TRIAL COURT ERRED IN CONCLUDING THAT APPELLANT'S EXTENDED PARENTING TIME WITH THE MINOR CHILD DID NOT BY ITSELF JUSTIFY A DEVIATION FROM THE PRESUMPTIVE CHILD SUPPORT AMOUNT."
 I. III. {¶ 12} In his First Assignment of Error appellant argues that the trial court abused its discretion in denying his request for a deviation from the presumptive amount of child support as calculated on the shared parenting worksheet and by failing to find the presumptive amount was unjust, or inappropriate and not in the best interest of the child. In his Third Assignment of Error, appellant maintains that the amount of parenting time alone is sufficient, in and of itself, to justify a deviation from the presumptive amount. Because the two assignments of error are interrelated, we shall address these issues together.
 {¶ 13} A trial court has considerable discretion related to the calculation of child support, and, absent an abuse of discretion, an appellate court will not disturb a child support order. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390,686 N.E.2d 1108. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Moreover, in applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 614 N.E.2d 748.
 {¶ 14} At the time a trial court orders child support, a child-support-guideline-computation worksheet must be completed and made a part of the trial court's record. See Cutlip v.Cutlip, Richland App. No. 02CA32, 2002-Ohio-5872, 2002 WL 31412399, citing Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496, at paragraph one of the syllabus; R.C. 3119.022. The guideline amount is rebuttably presumed to be the correct amount of child support due, although deviation from the guidelines is addressed in the worksheet. See Marker, supra, and R.C.3119.03; R.C. 3119.022.
 {¶ 15} R.C. 3119.24 states as follows:
 {¶ 16} "(A)(1) A court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in section 3119.022 of the Revised Code, through the line establishing the actual annual obligation, except that, if that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount.
 {¶ 17} "(2) The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A) (1) of this section and shall enter in the journal the amount described in division (A) (1) of this section its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination.
 {¶ 18} "(B) For the purposes of this section, `extraordinary circumstances of the parents' includes all of the following:
 {¶ 19} "(1) The amount of time the children spend with each parent;
 {¶ 20} "(2) The ability of each parent to maintain adequate housing for the children;
 {¶ 21} "(3) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;
 {¶ 22} "(4) Any other circumstances the court considers relevant."
 {¶ 23} In turn, R.C. 3119.23 provides as follows:
 {¶ 24} "The court may consider any of the following factors in determining whether to grant a deviation pursuant to section3119.22 of the Revised Code:
 {¶ 25} "(A) Special and unusual needs of the children;
 {¶ 26} "(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;
 {¶ 27} "(C) Other court-ordered payments;
 {¶ 28} "(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
 {¶ 29} "(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;
 {¶ 30} "(F) The financial resources and the earning ability of the child;
 {¶ 31} "(G) Disparity in income between parties or households;
 {¶ 32} "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
 {¶ 33} "(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
 {¶ 34} "(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
 {¶ 35} "(K) The relative financial resources, other assets and resources, and needs of each parent;
 {¶ 36} "(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
 {¶ 37} "(M) The physical and emotional condition and needs of the child;
 {¶ 38} "(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
 {¶ 39} "(O) The responsibility of each parent for the support of others;
 {¶ 40} "(P) Any other relevant factor."
 {¶ 41} In the case sub judice, the trial court, in its November 30, 2005 entry, indicated that it was adopting the Magistrate's Decision dated August 8, 2005 including the calculation of child support. In the original Separation Agreement filed July 25, 1994 appellant's child support obligation was established at $522.87 per month plus poundage. This obligation was modified by agreement of the parties and the trial court to $932.54 in the Shared Parenting Plan adopted by the parties and the trial court via Judgment Entry filed March 11, 2003.
 {¶ 42} The August 8, 2005 Magistrate's Decision indicated that pursuant to the child-support guidelines and worksheet, the annual child support owed for the child was $15,218.00 and that while appellant's obligation was $9,474.812, or 68.3 percent, appellee's obligation was 31.70 percent, or $5,743.19. These calculations include adjustments for health insurance paid by appellant. Accordingly, appellant's monthly child support obligation is $789.57 plus poundage. Accordingly, the Magistrate's Decision modifies the appellant's child support obligation by reducing his monthly obligation by approximately $143.00 per month.
 {¶ 43} The crux of appellant's argument is that the trial court did not consider the amount of time the child spends in each parent's home and the expenses which result from that 52/48 split. Appellant also argues the trial court did not consider the extra expenses that he spent on behalf of the child.
 {¶ 44} In Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390,686 N.E.2d 1108 the Ohio Supreme Court held that trial courts should apply R.C. 3113.215(B)(6)(a)[now R.C. 3119.24] when a shared parenting plan is involved and no automatic credit in the support order for the time the child(ren) reside with that parent is warranted. Rather, where the application of the child support schedule would be unjust or inappropriate to the child (ren) or either parent, or would not be in the best interest of the child (ren) because of the extraordinary circumstances of the parents or because of any other factors set forth in R.C. 3113.215(B) (3), [now R.C. 3119.23] the trial court may deviate from the child support schedule. The party seeking to rebut the basic child support schedule has the burden of presenting evidence which demonstrates that the calculated award is unjust or inappropriate and would not be in the best interests of the children. Murray v. Murray (1999), 128 Ohio App.3d 662, 671,716 N.E.2d 288; Lee v. Loos, 5th Dist. No. 2004AP020015,2005-Ohio-254 at ¶ 19.
 {¶ 45} The Ohio Supreme Court in Hubin v. Hubin (2001),92 Ohio St.3d 240, 749 N.E.2d 749, addressed the issue again. The question certified to the Supreme Court was as follows: "When determining the proper amount of child support in a shared parenting case, must a court presume that each parent must pay his or her child support obligation on line twenty-four of the child support worksheet and then order the difference through an offset while reserving the ability to deviate?" See Hubin v.Hubin (2000), 90 Ohio St.3d 1482, 738 N.E.2d 1255. The Court ultimately affirmed the Tenth District Court of Appeals decision, citing Pauly v. Pauly (1997), 80 Ohio St.3d 386,686 N.E.2d 1108.
 {¶ 46} We have previously held that "the fact that appellant and appellee equally share time with the children does not in and of itself justify a deviation to "0" of the child-support-guideline amount". Glassner v. Glassner,160 Ohio App.3d 648, 2005-Ohio-1936 at ¶ 48, 828 N.E.2d 642. We have embraced the theory that such matters are to be determined on a case-by-case basis. Pauly, supra; Walker v. Walker, 5th Dist. No. 02CAF04019, 2002-Ohio-5293. This Court has held that "in light of Hubin, it clearly follows that appellant's theory of a required offset . . . is devoid of merit". Mussleman v.Muscleman (Nov. 20, 2001), 5th Dist. No. CT2001-0006.
 {¶ 47} In the case at bar, appellant received credit for his payment of health insurance premiums at lines 21-22 of the child support worksheet. The 68 percent of uninsured medical expenses paid by appellant is in line with the 64 percent appellant agreed to pay in the original shared parenting plan filed in 1994. At No. 7 in that agreement appellant agreed to pay 64 percent of all uninsured "hospital, medical, dental, optical, orthodontal, or pharmaceutical expense."
 {¶ 48} In their respective briefs submitted to the Magistrate, each party outlined the monthly expenses incurred for the costs of extracirrular activities, lessons, sports equipment, schooling, and clothing.
 {¶ 49} The Magistrate found that a deviation from the presumptive amount of child support was not warranted based upon the fact that there is a great disparity between the parties' income, with appellant earning $118,248 while appellee earns $54,187.
 {¶ 50} In consideration of such disparity and in view of the fact that there is nothing in the shared-parenting plan placing the burden of any unusual or extraordinary parenting expenses on appellant, it was not an abuse of discretion for the trial court to decline to deviate. Glassner, supra; Walker, supra.
 {¶ 51} Accordingly, appellant's First and Third Assignments of Error are overruled.
 II. {¶ 52} In his Second Assignment of Error, appellant argues that the trial court erred by not setting forth facts to find appellee the "residential parent" for child support purposes. We disagree.
 {¶ 53} The magistrate, not the trial judge completed the applicable worksheet in the case at bar. The worksheet clearly indicates that the calculations were based upon a "shared parenting" plan.
 {¶ 54} We note that appellant did not raise the designation of the parties in his objection to the magistrate's decision. In his objections, appellant merely argued that the magistrate should have granted a deviation.
 {¶ 55} Civ.R. 53(E)(3)(d) provides that:
 {¶ 56} "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 57} Accordingly, by failing to timely object to the magistrate's decision concerning the designation of the parties, appellant is precluded from assigning as error on appeal the trial court's adoption of the magistrate's conclusions. SeeState ex rel. Booher v. Honda of Am. Mfg., Inc.,88 Ohio St.3d 52, 53, 723 N.E.2d 571, 2000-Ohio-269.
 {¶ 58} "The waiver under [Civ.R.53] embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In re: Etter (1998),134 Ohio App.3d 484, 492, 731 N.E.2d 694.
 {¶ 59} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed. Costs to appellant.