OPINION
{¶ 1} Defendant-appellant, Thomas A. Tonti ("appellant"), appeals from the May 18, 2005 judgment of the Franklin County Court of Common Pleas, Division of Domestic *Page 2 
Relations, and the June 16, 2006 decision of the magistrate of that court.[1] For the reasons that follow, we affirm that judgment.
 {¶ 2} Appellant filed his brief pro se, but retained counsel to appear at oral argument before this court. Appellee has failed to file an appellate brief, nor has she defended herself on appeal. Although appellant has filed a brief, it fails to comply, even minimally, with App.R. 16(A) in either form or substance.[2] Specifically, appellant's brief fails to include: (1) a table of contents; (2) a table of authority; (3) statement of the assignment of errors presented for review; (4) statement of the issues presented for review; (5) statement of the case; and (6) citations to legal authorities that support appellant's contentions. Because an appeal is decided on the merits of the assignments of error presented, and, here, appellant has not presented any for our review, we would be well within our discretion to dismiss the instant appeal. App.R. 12. Nevertheless, in the interests of justice, we will consider the issues raised by appellant, albeit, in a consolidated fashion.
 {¶ 3} Turning to the merits, the following facts and procedural history are germane to our discussion. The parties to this action were married on September 9, 1988, and have two minor children. The marriage was terminated by decree of divorce on December 10, 1992, and since then, there have been numerous post-decree proceedings. A more *Page 3 
complete history of the action is set forth in this court's most recent opinion, titled Tonti v. Tonti, Franklin App. No. 03AP-494,2004-Ohio-2529 ("Tonti /"), in which we sustained three of appellant's assignments of error. Two of those assignments of error are at issue here: the first involves the trial court's imputation of child care expenses, and the second concerns appellant's constitutional challenges to former R.C. 3113.215.[3]
Imputed Child Care Expenses {¶ 4} In Tonti /, appellant's fifth assignment of error charged that the trial court erroneously imputed child care expenses to appellee.[4] Specifically, appellant contended that the trial court: (1) had no authority to impute child care expenses to appellee; (2) improperly modified the child care provisions of the shared parenting plan; and (3) abused its discretion in imputing child care expenses to appellee because she had no plans to return to the workforce. We found that the trial court did not exceed its authority or abuse its discretion in imputing child care costs to appellee, but did find such was an improper modification to the parties' shared parenting agreement because neither the court nor the magistrate made a finding that doing so was in the best interests of the children as required by R.C.3109.04(E)(2)(b). Appellant's fifth assignment of error was, therefore, overruled in part and sustained in part, and the matter was remanded to the trial court to enter a finding regarding the best interests of the children. *Page 4 
 {¶ 5} Upon remand, the trial court referred the matter to the magistrate, and on June 9, 2006, the magistrate issued a decision. The magistrate found that it was in the children's best interest to modify the shared parenting agreement to require appellee to pay her own child care expense when the children were in her possession, explaining:
 The legislature long ago determined that daycare costs are part of child support and should be included on the worksheet when calculating child support. See former R.C. 3113.215 now R.C. 3119.022. In this case for purposes of calculating child support, Plaintiff's income was imputed, her local income tax was computed based upon imputed income and her daycare was imputed based upon the need for daycare if Plaintiff worked fulltime. A legal fiction was created to arrive at the child support worksheet amount.
 The parties' original shared parenting plan provided that Defendant was to pay all daycare expenses. It is not it in the children's best interest for Defendant to receive a childcare deduction based upon Plaintiff's imputed income and need for daycare in the event Plaintiff worked fulltime. In fact there is not income received by Plaintiff, there is no local tax paid on imputed income and there is no need for daycare because Plaintiff is not working fulltime. Therefore the Magistrate finds it in the children's best interest to modify the plan to require Plaintiff to pay her own daycare expenses during the time periods of the worksheet calculations.
(Mag. Decision, June 9, 2006, at 2.) On June 10, 2006, the trial court adopted the magistrate's decision. No objections were filed.
 {¶ 6} When a party has not filed objections to a magistrate's decision and the trial court has entered judgment, appellate review is limited to plain error analysis. See Buford v. Singleton, Franklin App. No. 04AP-904, 2005-Ohio-753. The plain error doctrine is not favored in civil proceedings and "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, *Page 5 
thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.Goldfuss makes clear that the plain error doctrine is to be used sparingly and is not warranted in the absence of circumstances raising something more than a mere failure to object. Brown v. Zurich,150 Ohio App.3d 105, 2002-Ohio-6099, at ¶ 28, quoting R.G. Real Estate Holding,Inc. v. Wagner (Apr. 24, 1998), Montgomery App. No. 16737.
 {¶ 7} We fail to find plain error in the case at bar. This is not the extremely rare case that involves exceptional circumstances. Nor do we find any error in law or fact on the face of the magistrate's report. Accordingly, appellant has waived any appellate review of the trial court's adoption of the magistrate's decision.
Constitutional challenges to former R.C. 3113.215 {¶ 8} Another issue remanded to the trial court in Tonti I concerned the dismissal of appellant's motion challenging the constitutionality of former R.C. 3113.215(B)(6)(a). Appellant's motion requested that the trial court declare the statute unconstitutional as applied in equal time shared parenting cases on the following two bases: (1) the statute requires the court to presume that only one parent must pay child support, in violation of the Equal Protection Clause of the United States and Ohio Constitutions; and (2) the statute is unconstitutionally vague, violation of the Due Process Clause of the United States Constitution, because it "provides a court with absolutely no guidance on how to determine" which parent "must pay child support" and which "parent must not pay child support." (Appellant's motion requesting that the prior child support statute be declared unconstitutional, filed Aug. 5, 2002, at 5, 9, 10.) The trial court dismissed appellant's motion for lack of jurisdiction on the ground that he failed to serve upon the Ohio Attorney *Page 6 
General a copy of the motion as required by R.C. 2721.12(A). In sustaining appellant's third assignment of error, we determined that because the action originated as an ordinary civil action containing no request for declaratory judgment, the service requirement found in R.C.2721.12(A) did not apply. Thus, the matter was returned to the trial court for reconsideration.
 {¶ 9} On remand, the trial court rejected appellant's arguments that R.C. 3113.215 was unconstitutional. In finding that the statute did not run afoul of the equal protection clauses of the Ohio and United States Constitutions, the court explained:
 * * *[N]ot only is Defendant's argument misplaced and mis applied, it is also fatally flawed in several aspects. Defendant's argument is based on a faulty premise, for O.R.C. § 3113.215 does not require a presumption that only one parent, in shared parenting cases, must pay child support. Furthermore, parents in "equal time" shared parenting cases are not similarly situated individuals solely due to spending the same amount of time with the child(ren). Even if such parents were to somehow qualify as similarly situated individuals, they are nevertheless not subjected to disparate treatment since courts are allowed to, in qualifying cases, deviate from the child support amounts calculated pursuant to the worksheet set forth in O.R.C. § 3113.215. Finally, even if such parents were similarly situated individuals, who are arguably subjected to disparate treatment by way of their respective child support obligations, the Court finds that O.R.C. § 3113.215 is nevertheless not uncon stitutional as it is rationally related to a legitimate government interest.
(Trial Court decision, May 18, 2005, at 11-12.) The trial court also found appellant's argument that the statute was unconstitutionally vague to be without merit.
 * * *[A]s the statute makes plainly obvious, and as numerous courts to interpret the statute have held, in shared parenting cases neither parent is to be designated as the nonresidential parent since both parents are residential parents. Thus, since the presumption Defendant speaks of does not arise in *Page 7 
shared parenting cases because no designation of residential parent is allowed in such cases, Defendant's vagueness argument is moot.
Id. at 25 (emphasis in the original).
 {¶ 10} We begin our analysis with the principle that statutes carry a strong presumption of constitutionality. Harrold v. Collier,107 Ohio St.3d 44, 2005-Ohio-5334, at ¶ 36. The party challenging the statutes bears the burden of proving that the legislation is unconstitutional beyond a reasonable doubt. Id.
 {¶ 11} The Equal Protection Clause of the Fourteenth Amendment provides that no state shall deny to any person the equal protection of the laws, and operates so as to prevent a state from treating people differently under its laws on an arbitrary basis. Harper v. VirginiaState Bd. of Elections (1966), 383 U.S. 663, 681, 86 S.Ct. 1079, 1089. The Ohio Constitution tracks its federal counterpart. Section 2, Article I, of the Ohio Constitution. These constitutional provisions, however, do not "forbid classifications." MCI Telecommunications Corp. v.Limbach (1994), 68 Ohio St.3d 195, 199, quoting F.S. Royster Guano Co.v. Virginia (1920), 253 U.S. 412, 415, 40 S.Ct. 560, 561. Rather, their aim is to keep "governmental decisionmakers from treating differently persons who are in all relevant respects alike." F.S. Royster GuanoCo., at 415. Thus, an equal protection claim arises only in the context of an unconstitutional classification made by a state, i.e., when similarly situated individuals are treated differently. Conley v.Shearer (1992), 64 Ohio St.3d 284, 288-289; State v. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543.
 {¶ 12} In determining whether a statute passes muster under the equal protection clauses, "[t]he general rule is that legislation is presumed to be valid and will be sustained *Page 8 
if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne v. Cleburne LivingCtr. (1985), 473 U.S. 432, 440, 105 S.Ct. 3249 (citations omitted). In that regard, it is important to note that "[w]hen social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude." Id. at paragraph one of the syllabus.
 {¶ 13} With respect to the void for vagueness doctrine embodied in the due process clause, to pass constitutional muster, a statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly," as well as "provide explicit standards" for the police officers, judges, and jurors who enforce and apply them." Grayned v. Rockford (1972), 408 U.S. 104,108-109, 92 S.Ct. 2294. It does not, however, require "statutes to be drafted with scientific precision. Nor does the doctrine require that every detail regarding the procedural enforcement of a statute be contained therein. Instead, it permits a statute's certainty to be ascertained by application of commonly accepted tools of judicial construction, with courts indulging every reasonable interpretation in favor of finding the statute constitutional." Perez v. Cleveland (1997),78 Ohio St.3d 376, 378-379 (citations omitted).
 {¶ 14} In challenging the trial court's determination that R.C.3113.215 is not unconstitutional, appellant does not assign error to the court's May 18, 2005 decision, and, in fact, he does not even reference that decision in the section of his brief titled "Constitutional Issues." Instead, appellant devotes a significant portion of his brief to attacking certain modifications made by the magistrate (and adopted by the trial court) to the parties' shared parenting agreement as related to their respective child support *Page 9 
obligations. Those same arguments, however, were raised by appellant, and rejected by this court in Tonti I. To the extent appellant's arguments herein can be construed as "proper" challenges to the trial court's May 18, 2005 decision, we find appellant's unsupported assertions of unconstitutionality are insufficient to satisfy his burden, particularly in light of the well-recognized presumption of constitutionality.
 {¶ 15} Putting aside appellant's briefing and technical failures, consideration of the merits leads us to the same conclusion. Upon review, we conclude that former R.C. 3113.215(B)(6)(a) withstands appellant's constitutional challenges. In reaching that conclusion, we agree with the trial court's assessment that appellant's initial premise is incorrect, that being, R.C. 3113.215 contains a presumption that in shared parenting cases, only one parent is presumed to pay child support. Indeed, the statute contains no express language to support that premise, nor are we aware of any court that has found the existence of such presumption. See, e.g., Pauly v. Pauly (1997),80 Ohio St.3d 386, syllabus ("R.C. 3113.215[B][6] does not provide for an automatic credit in child support obligations under a shared parenting order. However, a trial court may deviate from the amount of child support calculated under R.C. 3113.215[B][6] if the court finds that the amount of child support would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child");Hubin v. Hubin (2001), 92 Ohio St.3d 240; Spencer v. Spencer, Stark App. No. 2005-CA-00263, 2006-Ohio-1913, at ¶ 44-50; Glassner v.Glassner, 160 Ohio App.3d 648, 2005-Ohio-1936, at ¶ 48 ("the fact that appellant and appellee equally share time with the children does not in and of itself justify a deviation to `0' of the child support guideline amount. * * * In consideration of [the significant disparity between the parties' income,] and in view of the fact that there is *Page 10 
nothing in the shared parenting plan placing the burden of any unusual or extraordinary parenting expenses on appellee, it was an abuse of discretion for the trial court to decline to award child support to appellant"). Succinctly stated, because all of appellant's arguments flow from this faulty premise, they tumble like a house of cards.
 {¶ 16} For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
 BROWN and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] In resolving the instant appeal on its merits, we need not consider whether appellant's appeal of a magistrate's decision, and not the trial court's judgment entry adopting that decision, complies with the mandates of App.R. 3.
[2] We note, as an aside, that the Fifth District Court of Appeals has opined that "[s]uch noncompliance is tantamount to failure to file an appellant's brief and entitles [an appellate court] to dismiss the appeal" pursuant to App.R. 18(C). White v. Lehmiller (July 28, 2003), Stark App. No. 2002CA00082; see, also, City of Mt. Vernon v. Young, Knox App. No. 2005CA000045, 2006-Ohio-3319; Fuller Assocs. v. All Am. HomeHealth Care, Inc., Stark App. No. 2003CA00377, 2004-Ohio-4342; In reBurns (June 26, 2000), Licking App. No. 99CA124.
[3] Section 3113.215 of the Ohio Revised Code was repealed effective March 22, 2001, and replaced by R.C. 3119.01 et seq.
[4] The shared parenting agreement was modified to require that each parent pay their respective child care costs when the children are in their possession. *Page 1