[Cite as *Hill v. Hill*, 2019-Ohio-3459.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nicole B. Hill, | : | |
| Petitioner-Appellee, | : | |
| | : | No. 17AP-454 |
| v. | : | (C.P.C. No. 09DR-1492) |
| Travis D. Hill, | : | (REGULAR CALENDAR) |
| Petitioner-Appellant. | : | |

# D E C I S I O N

## Rendered on August 27, 2019

**On brief:** *Bergman & Yiangou*, and *Andrew J. Niese*, for appellee. **Argued:** *Andrew J. Niese.*

**On brief:** *Travis D. Hill*, pro se. **Argued:** *Travis D. Hill.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BROWN, J.

{¶ 1} Travis D. Hill, petitioner-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court granted the "motion to enforce the magistrate's decision filed on March 11, 2015 against petitioner-husband Travis Hill and motion for attorney fees as well as request for judgment," filed by Nicole B. Hill, petitioner-appellee.

{¶ 2} Travis and Nicole were married on December 28, 1985. They terminated their marriage via a decree of dissolution on June 15, 2009. The judgment entry incorporated a separation agreement.

{¶ 3} Post decree, the parties each filed motions for contempt regarding the terms of the separation agreement. Both parties also filed for bankruptcy. On March 11, 2015, a magistrate denied Travis's motion for contempt and granted Nicole's motion for

contempt. Based on the terms of the decree, the magistrate deducted the amount Travis owed Nicole from what Nicole owed Travis and found that Travis owed Nicole $638.86. The magistrate ordered Travis to serve five days in jail on the contempt charges, but the magistrate suspended the sentence on the condition that he purge his contempt by paying Nicole $638.86 within 30 days and paying $5,000 in attorney fees in monthly $500 installments. Travis filed objections to the magistrate's decision. On September 17, 2015, the trial court issued a judgment finding no error in the magistrate's decision. Travis appealed, and this court affirmed the trial court's judgment in *Hill v. Hill*, 10th Dist. No. 15AP-891, 2017-Ohio-2625.

{¶ 4} On April 30, 2015, Nicole filed a "motion to enforce the magistrate's decision filed on March 11, 2015 against petitioner-husband Travis Hill and motion for attorney fees as well as request for judgment." After a lengthy delay due to the pending appeal in *Hill*, the trial court held a hearing on the motion on June 19, 2017. According to the trial court's June 21, 2017 decision, Nicole testified at the hearing that Travis had paid nothing toward the amounts ordered in the March 11, 2015 magistrate's decision, while Travis testified the award of fees owed to Nicole was discharged in one of his two bankruptcy cases. However, the court found the exhibit Travis submitted from the bankruptcy court, "Exhibit 1," did not show the debt owed to Nicole had been discharged. From the bench, the court provided Travis until June 26, 2017 to present certified proof of discharge from the bankruptcy court showing the debt owed to Nicole was discharged, or Travis would serve five days in jail. The court indicated in its decision that, on June 19, 2017, Travis provided the trial court with additional entries from the bankruptcy court, but the trial court found those entries failed to establish the debts owed to Nicole had been discharged. The court also found that, pursuant to 11 U.S.C. 523(a)(15), a bankruptcy discharge under 11 U.S.C. 727 is not dischargeable against an individual debtor incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record, or a determination made in accordance with state or territorial law by a governmental unit. In its June 21, 2017 judgment, the court found that unless Travis appeared and provided the court with a certified order discharging the debts owed to Nicole, the court would enforce the five-day jail sentence commencing on June 28, 2017. Travis filed the present appeal of the trial

court's judgment on June 27, 2017, and the trial court stayed the order enforcing incarceration pending appeal.

{¶ 5}   However, Travis's appellate brief is deficient. Travis has elected to proceed pro se on appeal. "It is well-established that *pro-se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." (Emphasis sic.)  *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist.2001). "In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel." *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 6}   In the present case, Travis's brief contains no assignments of error. Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are particularly important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, quoting App.R. 12(A)(1)(b); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule[] on assignments of error only, and will not address mere arguments"). It is not the duty of an appellate court to create an argument on an appellant's behalf. *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359, ¶ 22. Consequently, without assignments of error, an appellate court has nothing to review. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16.

{¶ 7}   Because Travis has failed to set forth any assignments of error for this court's review, it is not necessary for this court to address his arguments in order to affirm the trial court's judgment. *State v. Botts*, 10th Dist. No. 12AP-822, 2013-Ohio-4051, ¶ 9. Appellate courts have discretion to dismiss appeals that fail to set forth assignments of error. *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2. Many times, however, appellate courts instead review the appealed judgment in the interest of serving justice.

*Asamoah* at ¶ 6; *Tonti* at ¶ 2. Here, although we could dismiss Travis's appeal for failure to follow the appellate rules, we will briefly address the main points in his brief.

{¶ 8} A sanction for civil contempt must allow a contemnor to purge himself or herself of the contempt. *Tucker v. Tucker*, 10 Ohio App.3d 251 (10th Dist.1983). "Judicial sanctions for civil contempt will not be reversed absent a showing of an abuse of discretion on the part of the trial court." *Rudduck v. Rudduck*, 5th Dist. No. 98CA85 (June 16, 1999), citing *Burchett v. Miller*, 123 Ohio App.3d 550, 552 (6th Dist.1997), citing *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981). "Abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Rock v. Cabral*, 67 Ohio St.3d 108, 112 (1993).

{¶ 9} Travis argues he presented clear and precise information to the trial court demonstrating that his debts to Nicole were discharged in his bankruptcy case. He claims Exhibit 1, which he submitted to the trial court, demonstrated his bankruptcy case was closed on March 3, 2016, and it had an amended creditor's list attached. He also asserts he presented to the trial court a copy of his September 28, 2015 debtor's motion to reopen his bankruptcy case, and the bankruptcy court granted him leave to amend the schedule of creditors once the court reopened the case. Travis further contends the trial court's determination that the debt to Nicole was not dischargeable was in error because the debt was not in the nature of support or pursuant to a division-of-property agreement but was simply a set-off, which is dischargeable.

{¶ 10} We agree with the trial court that Travis failed to purge his contempt. The exhibits he submitted do not demonstrate the bankruptcy court discharged the debt he owed to Nicole resulting from this case. During the hearing, Travis submitted Exhibit 1, which includes a printout from the bankruptcy court showing a notice of electronic filing on March 3, 2016. Although the exact nature of the filing is unclear, it appears to discharge the trustee and close the bankruptcy case based on the full administration of the bankruptcy case. Regardless, nowhere in this document does it indicate the bankruptcy court discharged Travis's debt to Nicole emanating from this case. Exhibit 1 also includes a January 15, 2016 "Official Form 106E/F," which was filed by Travis in the bankruptcy court. It lists numerous non-priority unsecured claims owed to Nicole, as the non-priority

creditor, emanating from the magistrate's March 11, 2015 decision, but it does not indicate the debts to Nicole were discharged.

{¶ 11} After the hearing, on June 19, 2017, Travis submitted several other documents to the trial court claiming to show his debt to Nicole had been discharged. Travis submitted a June 21, 2014 discharge of debtor document. However, this does not indicate anywhere that his debt to Nicole resulting from this case was discharged. Travis also submitted a September 28, 2015 amended debtor's motion to reopen the case, which sought to reopen Travis's Chapter 7 bankruptcy due to a newly discovered creditor (Nicole). This pleading also fails to indicate anywhere that his debt to Nicole resulting from this case was discharged. Travis also presented an October 21, 2015 order to reopen the case filed in the bankruptcy court. However, this pleading only purports to grant leave to Travis to file amended schedules regarding a new creditor once the court has reopened the case. Therefore, none of these exhibits submitted by Travis show the bankruptcy court discharged the debts to Nicole ordered by the trial court in this case. Thus, Travis failed to purge himself of contempt, and the trial court did not err when it found so and ordered him to serve five days in jail for failing to pay the debts ordered.

{¶ 12} Given that the above findings alone support affirmance of the trial court's decision, Travis's argument that the debt to Nicole was not barred from discharge in bankruptcy because it was not in the nature of support or pursuant to a division-of-property agreement, but was simply a set-off, is moot, and we decline to address it. For all of the foregoing reasons, we find no error with the trial court's determination, and Travis's arguments are without merit.

{¶ 13} Accordingly, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

KLATT, P.J., and BEATTY BLUNT, J., concur.

_____