[Cite as *Craver v. Haefner*, 2024-Ohio-2242.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Richard C. Craver, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-448 |
| v. | : | (C.P.C. No. 19JU-1343) |
| Katherine M. Haefner, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 11, 2024

**On brief:** *Richard C. Craver*, pro se. **Argued:** *Richard C. Craver*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

PER CURIAM

{¶ 1} Plaintiff-appellant, Richard C. Craver, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which adopted a magistrate's decision and modified Craver's child support obligation. For the following reasons, we affirm the juvenile court's judgment.

**I. PROCEDURAL BACKGROUND**

{¶ 2} On January 4, 2019, the Franklin County Child Support Enforcement Agency ("CSEA") issued an original administrative order for child support and medical support regarding N.H., the minor daughter of Craver and defendant-appellee, Katherine M. Haefner. Craver objected to the administrative order by filing in the juvenile court an action for the payment of support and provision for the child's health care under R.C. 2151.231.[1]

---

[1] R.C. 2151.231(A) states, in pertinent part, "The parent * * * of a child * * * may bring an action in a juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code under this section

Craver requested the court "to reduce, or eliminate if possible" the "extremely high monthly payment." (Feb. 4, 2019 Compl. to Set Support (Obj. to CSEA Adm. Order) at 1.)

{¶ 3} A juvenile court magistrate conducted a hearing on Craver's complaint on April 2, 2019, and issued a decision recommending that the court grant Craver's complaint to set support and vacate the CSEA's administrative order. The juvenile court adopted the magistrate's decision. The court ordered Craver to pay child support of $471.36 per month, plus processing charge, effective December 12, 2018, and anytime thereafter that private health insurance is in effect. Alternatively, effective December 12, 2018, and anytime thereafter that private health insurance is *not* in effect, the court ordered Craver to pay child support of $428.05 per month, plus processing charge, and cash medical support of $121.33 per month, plus processing charge.

{¶ 4} In September 2022, the CSEA conducted an administrative review pursuant to R.C. 3119.60 through 3119.71 and recommended that Craver's support obligation be modified and increased, effective September 1, 2022. Craver requested an administrative adjustment hearing, after which the CSEA issued an administrative modification hearing decision. The CSEA found that Craver's income for child support purposes was $81,386.37. Based on that income, the CSEA calculated Craver's child support obligation according to the Child Support Guidelines' Worksheet, in accordance with R.C. 3119.022 and 3119.023; it recommended modification of Craver's child support obligation to $1,184.10 per month, plus processing charge, and of Craver's cash medical support obligation to $22.44 per month, plus processing charge.

{¶ 5} Craver requested a court hearing regarding the CSEA's modification decision pursuant to R.C. 3119.63, claiming the CSEA had erroneously calculated his income by including in the calculation "perceived overtime." Following a hearing before a juvenile court magistrate on July 12, 2023, at which both Craver and Haefner were present and represented by counsel, the magistrate issued a decision sustaining Craver's objection to CSEA's recommendation. The magistrate recommended that the juvenile court modify Craver's support obligations to require him to pay child support of $978.16 per month, plus

---

requesting the court to issue an order requiring a parent of the child to pay an amount for the support of the child without regard to the marital status of the child's parents."

processing charge, and cash medical support of $20.18 per month, plus processing charge. The juvenile court adopted the magistrate's decision as the court's judgment.

{¶ 6}    Craver, acting pro se, filed a timely notice of appeal to this court.

## II.  ANALYSIS

### A.  Craver's appellate brief does not comply with App.R. 16(A)

{¶ 7}    App.R. 16(A) sets forth requirements that must be included in an appellant's appellate brief:

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
>
> (1) A table of contents, with page references.
>
> (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
>
> (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
>
> (4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
>
> (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
>
> (6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
>
> (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
>
> (8) A conclusion briefly stating the precise relief sought.

{¶ 8}    Craver's appellate brief does not comply with App.R. 16(A).  Most notably, Craver's brief does not include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected," as required

by App.R. 16(A)(3). As Craver has not identified any assignments of error, his statement of issues does not refer to the assignments of error, as required by App.R. 16(A)(4). Likewise, his statement of facts and legal arguments cannot be tethered to nonexistent assignments of error. As we have explained, "[a]ssignments of error are vitally important because appellate courts determine each appeal 'on its merits on the assignments of error set forth in the briefs.' " *J.P. Morgan Chase Bank, N.A. v. Cloyes*, 10th Dist. No. 20AP-107, 2021-Ohio-3316, ¶ 10, quoting App.R. 12(A)(1)(b). "[I]n the absence of assignments of error, this court has nothing to review." *Id.*, citing *Ward v. Ward*, 10th Dist. No. 20AP-381, 2021-Ohio-2571, ¶ 6. "A party's failure to comply with App.R. 16 is tantamount to not filing a brief in the first instance." *Columbus v. Payne*, 10th Dist. No. 22AP-766, 2023-Ohio-2461, ¶ 5. Although Craver is proceeding pro se in this appeal, pro se litigants are held to the same standards as litigants who are represented by counsel. *Cloyes* at ¶ 9.

{¶ 9} Noncompliance with the appellate rules constitutes good cause for dismissal of an appeal. *Payne* at ¶ 5, citing Loc.R. 10(E). *See also Kemba Fin. Credit Union v. Covington*, 10th Dist. No. 20AP-487, 2021-Ohio-2120, ¶ 8 ("Appellate courts have discretion to dismiss appeals that fail to set forth assignments of error"), citing *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5. Nevertheless, this court also has the discretion to review the merits of the appealed judgment, even in the absence of assignments of error, in the interest of serving justice. *Hill v. Hill*, 10th Dist. No. 17AP-454, 2019-Ohio-3459, ¶ 7, citing *Asamoah* at ¶ 5, and *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2.

{¶ 10} Craver's noncompliance with App.R. 16(A), and particularly his failure to set out any assignment of error in his appellate brief, warrants dismissal of this appeal, but even if we were to overlook that failure, Craver could not prevail on appeal.

### B. Child support is not a matter of contract

{¶ 11} Craver's main arguments in his appellate brief stem primarily from his mistaken belief that his obligation to pay child support is a contractual one. He argues, "the child support order is a contract that [he] signed only under duress and that he was coerced into signing due to intimidation and fear of arrest." (Appellant's Brief at 6.) He contends, had he known all the facts, he "never would have signed the contract," and "no obligation would have been created." *Id.* And he states, "if no contract exists, there is no obligor,

obligee, or obligation that binds someone to an agreement." *Id.* Craver's lawful obligation to support his child, however, does not depend on the existence of a contract.

{¶ 12} "[A] parent's legal obligation to pay child support is not a matter of contract." *Story v. Story*, 8th Dist. No. 109850, 2021-Ohio-2439, ¶ 19. Rather, " '[a]n obligation to pay child support arises by operation of law.' " *Id.*, quoting *Cramer v. Petrie*, 70 Ohio St.3d 131, 135 (1994). Thus, the fact that Craver "absolutely does not wish to participate in child support proceedings" does not affect his legal obligation to support his child. (Appellant's Brief at 6.)

{¶ 13} The Supreme Court of Ohio has recognized two sources of parental obligations under Ohio law. *In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-2450, ¶ 27. It explained, "[t]he General Assembly created a binary system in which a parent has a general obligation of support toward a child when the parent's responsibilities are not the subject of a court order and a specific obligation of support when a court has determined the parent's obligation by decree." *Id.* at ¶ 17.

{¶ 14} A parent's general obligation to support his or her children is set out in R.C. 3103.03(A), which states, in part, "[t]he biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor." Thus, by statute, " 'all parents, whether married or not, have a duty to support their minor children.' " *B.I.* at ¶ 21, quoting *In re Dissolution of Marriage of Lazor*, 59 Ohio St.3d 201, 202 (1991). R.C. 3103.03 subsumes the pre-existing common law obligation for parents to support their children. *Nokes v. Nokes*, 47 Ohio St.2d 1, 5 (1976).

{¶ 15} A specific child support obligation imposed by judicial decree supersedes the general statutory obligation of support under R.C. 3103.03. *Id.* at ¶ 27. Thus, in *B.I.*, "once the parties invoked the jurisdiction of the juvenile court to establish parentage, calculate child support pursuant to the guidelines, and issue an order of child support pursuant to the guidelines, the court's decree thereafter superseded the general obligation of support set forth in R.C. 3103.03(A)." *Id.* at ¶ 30. Similarly here, the juvenile court calculated and issued an order of support pursuant to the child-support guidelines and pursuant to statute, and Craver's objections based on principles of contract law are misplaced.

### C. Craver's remaining arguments are meritless

{¶ 16}  In his appellate brief, Craver also cites federal criminal statutes dealing with "peonage," 18 U.S.C. 1581, and "forced labor," 18 U.S.C. 1589, but Craver's otherwise unsupported, conclusory suggestion that he "has been forced to work much more than what would be necessary under normal means to pay off" his child support obligation is insufficient to establish any error in the juvenile court's judgment, let alone that the judgment is in violation of federal law.  (Appellant's Brief at 7.)  Furthermore, Craver's vague claim that his court ordered child support violates his right to due process under the Fourteenth Amendment to the United States Constitution fares no better.  Craver does not identify any specific due process violation he contends occurred, and he does not support his due process argument with any citation to legal authority or any cogent argument.

## III.  CONCLUSION

{¶ 17}  Because Craver has failed to file a brief that complies with App.R. 16 and because Craver has otherwise failed to demonstrate any error in the trial court's judgment, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BEATTY BLUNT, BOGGS, and EDELSTEIN, JJ., concur.

_____