[Cite as *Covington v. Butcher*, 2021-Ohio-1596.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Venesia A. Covington,                  :

        Plaintiff-Appellant,         :

                                      No. 20AP-373

v.                                    :         (C.P.C. No. 18CV-6378)

David A. Butcher et al.,            :           (REGULAR CALENDAR)

        Defendants-Appellees.     :

D E C I S I O N

Rendered on May 6, 2021

**On brief:** *Venesia A. Covington*, pro se. **Argued:** *Venesia A. Covington.*

**On brief:** *Meghan D. Kelly*, for appellee David A. Butcher. **Argued:** *Meghan D. Kelly.*

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, Venesia A. Covington, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee, David A. Butcher. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} According to appellant's complaint filed on July 25, 2018, appellant suffered serious bodily injury on March 3, 2018, when she was struck by a vehicle operated by appellee.[1] The complaint alleges appellee and co-defendant, Jordan Walker, negligently

---

[1] Appellant also named the state of Ohio, Safe Auto Insurance Co., and United Health Care as defendants in this action. All the claims and cross-claims surrounding those additional defendants were dismissed prior to the trial court's decision and judgment entry on the cross-motions for summary judgment.

operated their motor vehicles on Milnor Road in Fairfield County, Ohio, so as to collide with appellant as she stood in her driveway.

{¶ 3} In appellant's deposition, appellant described the events that she observed in the moments before she sustained injury as follows:

> Q. And kind of walk me through what you remember as to what happened that morning.
>
> A. * * *
>
> When I walked outside, I began to walk down my driveway. I saw an SUV [Walker's vehicle] coming from the right, so I stood in my driveway to watch the SUV go by so I can grab the trash. The SUV supposedly was turning into my driveway, so as the SUV started turning into my driveway, it was partially turned into my driveway, and then after that there was a loud noise, a loud boom that I'll never, ever forget, and then I don't remember what happened after that for a few minutes because I was unconscious.
>
> * * *
>
> A. So [Walker's Vehicle is] making a left turn into my driveway.
>
> Q. Okay, okay. Do you know if that vehicle stopped before making a left turn, or did it just kind of continue and then proceed into a left turn?
>
> A. It slowed down and then it started making a left turn into my driveway.
>
> * * *
>
> Q. And did [Walker's vehicle] make it at all into your driveway?
>
> A. Yes.
>
> Q. Was it partially in the driveway or fully in the driveway?
>
> A. Partially.
>
> * * *
>
> Q. Okay. Do you remember seeing any other vehicles other than that vehicle that had turned into your driveway?
>
> A. No.

(Appellant's Dep. at 35-36, 38-39.)

{¶ 4} There is no dispute that in the moments prior to the collision, Walker's vehicle was traveling northbound on Milnor Road and appellee was operating his vehicle

southbound on Milnor.  The collision occurred on a dry stretch of road in front of appellant's residence in daylight conditions.

{¶ 5}    In appellee's deposition, appellee testified the vehicle driven by Walker made a sudden left turn directly into his lane of travel, causing a collision that propelled his vehicle onto appellant's property and into appellant.  Appellee testified at his deposition as follows:

> Q.  Okay.  Now tell me what you recall about the collision.
>
> A.  I was going south on Miln[o]er in very, very light traffic.  I was surprised that it was -- of course, it was like 12:30, 12:15.  But there was hardly any traffic on it.  I was going south, not fast, because I wasn't in a hurry, probably 35 to 40 miles an hour.  As I was approaching, not that far there's a stoplight right down over sort of a real small hill.  Okay?  And I was thinking, okay, you know, stoplight's right there, and I'm just driving.  And out of the corner of my eye, okay, I see a car coming at me.  And I thought, I mean, he's going to stop.  And it was a quick glance right back to where I was, and boom, I got hit almost directly on the driver -- almost directly on me.  Okay?
>
> And as he hit me -- you know, I thought first that he was left of center, which he was left of center, but I did not know he was pulling into that, you know, driveway there.  But you know, I didn't know that for sure because, I mean, it was, boom; he hits me; I spin, lose control.

(Appellee's Dep. at 14-15.)

{¶ 6}    Later in his deposition, appellee described the accident as follows:

> Q.  Now, you say that he hit you.  Now, did he hit you from the side, or did he hit you head-on, if you can recall?
>
> A.  I would say -- I would say he may have been a little bit off center.  I mean, you know, when he hit.  Like, he was coming like this (indicates), so if he was turning, you know, it wasn't the front [of] his car.  But he hit me right -- almost right at the driver.  Okay?  Between the driver and the front of my car, which hit it, and it spun.  And I could not tell you how it spun. * * *
>
> * * *
>
> Q.  Did you cross left of center?
>
> A.  Did I go left of center when I got -- no.
>
> Q.  When you were driving?

A. No.  I mean, I was totally surprised that I got hit and –
because I didn't really see anybody on the road.

* * *

Q. So -- well, huh.  You know there was a ticket issued, a
citation issued, to your codefendant, Mr. Walker?  Are you
aware that he received a citation or a ticket?

A.  I read it on the police report.

(Appellee's Dep. at 16-17, 27.)

{¶ 7}   Appellee admitted at his deposition that he had been convicted of operating a motor vehicle while intoxicated ("OMVI"), approximately six years prior to the collision at issue, but he denied consuming any alcohol on the day of the accident.

{¶ 8}   On March 31, 2020, appellant filed a motion for summary judgment pursuant to Civ.R. 56(A).  In appellant's motion for summary judgment, appellant claimed appellee breached a duty of care owed to her by driving while intoxicated, failing to maintain an assured clear distance ahead, and speeding.  In support of the motion, appellant filed evidentiary materials including the transcript of appellee's deposition, a copy of the vehicle crash report, an unsigned report from an investigator, a lost earnings statement, and a chart purporting to set forth the criminal and administrative sanctions for OMVI.

{¶ 9}   On April 1, 2020, appellee filed a cross-motion for summary judgment pursuant to Civ.R. 56(B).  Along with the motion, appellee filed the depositions of both appellant and appellee.  Appellee argued the deposition testimony demonstrates the absence of a triable issue of negligence.

{¶ 10} Appellant subsequently filed numerous memoranda and exhibits both in support of her motion for summary judgment and in opposition to appellee's motion.  The materials appellant filed include a myriad of documents purporting to summarize and chart scientific methods for determining blood alcohol levels, medical records pertaining to appellee's treatment following the vehicle collision in question, information pertaining to appellee's 2014 conviction for misdemeanor OMVI, photographs showing the damages to the subject vehicles after the crash, and appellee's answers to appellant's interrogatories.

{¶ 11} On July 2, 2020, the trial court issued a written decision granting appellee's motion for summary judgment and denying appellant's motion.  The trial court issued a

judgment entry memorializing that decision and dismissing appellant's complaint with prejudice on July 8, 2020.

{¶ 12} Appellant timely appealed to this court from the July 8, 2020 judgment.

## II. STANDARD OF REVIEW

{¶ 13} Pursuant to Civ.R. 56(C), summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Grubach v. Univ. of Akron*, 10th Dist. No. 19AP-283, 2020-Ohio-3467, ¶ 20, citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims." *Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial." *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 19AP-58, 2019-Ohio-3632, ¶ 6, citing *Dresher* at 293.

{¶ 14} Appellate review of summary judgment is de novo. *Grubach* at ¶ 21, citing *Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 12, citing *Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935, ¶ 5. "When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination." *Gabriel* at ¶ 12, citing *Byrd* at ¶ 5, citing *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992).

## III. LEGAL ANALYSIS

### A. Assignment of Error

{¶ 15} Appellant's notice of appeal identifies the July 8, 2020 judgment entry granting appellee's motion for summary judgment as the judgment from which this appeal has been taken. Given the nature of the judgment appealed from, we shall conduct a de

novo review of that judgment to determine whether the trial court erred when it granted summary judgment in favor of appellee.[2]

{¶ 16} In granting appellee's motion for summary judgment, the trial court ruled that appellee "met his initial burden by demonstrating through [appellant's] deposition testimony that * * * Walker's conduct caused the accident in question" and that appellant "failed to respond to [appellee's] Motion for Summary Judgment with appropriate evidence to meet her reciprocal burden."  (July 2, 2020 Decision at 6-7.)  We agree with the trial court.

{¶ 17} R.C. 4511.42 entitled "[r]ight of way when turning left" provides "[t]he operator of a vehicle, * * * intending to turn to the left * * * into an alley, private road, or driveway shall yield the right of way to any vehicle * * * approaching from the opposite direction, whenever the approaching vehicle * * * is * * * so close to the * * * driveway as to constitute an immediate hazard."  R.C. 4511.42(A).  Based on the deposition testimonies of the parties, it is not permissible to conclude that appellee negligently operated his vehicle on the day in question.  The only reasonable conclusion to be drawn from the deposition testimony is that Walker's negligence in failing to yield to appellee's vehicle before attempting to make a left turn into appellant's driveway was the sole proximate cause of the injury to appellant.  Accepting appellant's testimony as true, Walker's vehicle was still in appellant's lane of travel when the collision occurred.[3]  There is no evidence that the initial impact occurred outside appellee's lane of travel.

{¶ 18} In an effort to establish appellee's negligence was either the sole proximate cause of her injury or combined with Walker's negligence to produce her injury, appellant claims that appellee was intoxicated at the time of the vehicle collision, failed to maintain an assured clear distance ahead, and exceeded the posted speed limit.  The trial court found that appellant produced no admissible evidence to support these allegations.  We agree.

---

[2] Appellant's merit brief does not present a clearly expressed assignment of error for our review as required by App.R. 16(A)(3).  Because appellant has failed to set forth any assignments of error for this court's review, it is not necessary for this court to address her arguments in order to affirm the trial court's judgment. *Hill v. Hill*, 10th Dist. No. 17AP-454, 2019-Ohio-3459, ¶ 7, citing *State v. Botts*, 10th Dist. No. 12AP-822, 2013-Ohio-4051, ¶ 9.  Nevertheless, this court has the discretion, in the interest of serving justice, to review the merits of the judgment appealed from. *Hill* at ¶ 7, citing *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2.

[3] The record shows that notices to take Walker's deposition were filed by appellant's attorney on August 13, 2019 and by counsel for appellee on December 18, 2018.  However, the transcript of Walker's deposition, if any, has never been filed in this action.

{¶ 19} With regard to appellant's assertion that appellee failed to maintain an assured clear distance ahead, the operator of a vehicle violates R.C. 4511.21(A) if the vehicle collided with an object that: (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. *Pond v. Leslein*, 72 Ohio St.3d 50, 52 (1995). Even when we construe the evidence produced in the trial court in appellant's favor, the evidence does not permit a finding that appellee violated R.C. 4511.21(A). Appellant testified as follows:

> Q. And kind of walk me through what you remember as to what happened that morning.
>
> A. * * *
>
> When I walked outside, I began to walk down my driveway. I saw an SUV [Walker's vehicle] coming from the right, so I stood in my driveway to watch the SUV go by so I can grab the trash. The SUV supposedly was turning into my driveway, so as the SUV started turning into my driveway, it was partially turned into my driveway, and then after that there was a loud noise, a loud boom that I'll never, ever forget, and then I don't remember what happened after that for a few minutes because I was unconscious.
>
> * * *
>
> A. So [Walker's Vehicle is] making a left turn into my driveway.
>
> Q. Okay, okay. Do you know if that vehicle stopped before making a left turn, or did it just kind of continue and then proceed into a left turn?
>
> A. It slowed down and then it started making a left turn into my driveway.
>
> * * *
>
> Q. And did [Walker's vehicle] make it at all into your driveway?
>
> A. Yes.
>
> Q. Was it partially in the driveway or fully in the driveway?
>
> A. Partially.

(Appellant's Dep. at 35-36, 38.)

{¶ 20} Appellant's deposition testimony conclusively establishes that Walker's vehicle was neither stationary nor moving in the same direction as appellee's vehicle at the time of the collision. Thus, when construed in appellant's favor, appellant's deposition testimony forecloses a finding that appellee violated R.C. 4511.21(A).

{¶ 21} Similarly, appellant's deposition establishes that she did not see appellee's vehicle prior to being struck. Appellant testified as follows:

> Q. Did you, at any point in time before the impact took place, see Mr. Butcher's vehicle?
>
> A. No.

(Appellant's Dep. at 104.)

{¶ 22} Appellant's deposition testimony conclusively establishes that she has no personal knowledge of the speed of appellee's vehicle in the moments prior to the collision with Walker's vehicle, and no factual basis on which to make an estimate of that speed. Appellant did not present testimony of a law enforcement officer or accident reconstruction expert qualified to opine on the speed of appellee's vehicle at the time of the collision. In fact, the only evidence submitted to the trial court concerning the speed of appellee's vehicle at the time of the collision was the investigating officer's estimate of 40 miles per hour. There is no dispute the posted speed limit on the stretch of Milnor Road fronting appellant's property is 45 miles per hour and no dispute the collision occurred in dry conditions and during daylight conditions.

{¶ 23} Finally, in an effort to provide evidentiary support for her claim that appellee was intoxicated at the time of the vehicle collision, appellant submitted her own affidavit wherein she avers that appellee lied when he denied consuming alcohol in the hours before the collision. Appellant also attempted, in her affidavit, to authenticate both the scientific documents she submitted to the trial court and the records purportedly documenting appellee's medical treatment following the vehicle collision.

{¶ 24} In appellee's April 29, 2020 memorandum in opposition to appellant's motion for summary judgment and in appellee's brief in this court, appellee maintains that the scientific and medical documents submitted by appellant would not be admissible as evidence at trial either because they are not properly authenticated or not relevant to the claim appellant raised in her complaint. Appellee further maintains appellant is not competent to interpret scientific documents and medical records, or to offer any opinion

regarding appellee's blood alcohol level at the time of the vehicle collision. We agree with appellee.

{¶ 25} Civ.R. 56(C) provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule." Pursuant to Civ.R. 56(E), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶ 26} " 'Documents that are "not sworn, certified, or authenticated by affidavit have no evidentiary value" and cannot be considered by the trial court on summary judgment unless "the opposing party has raised no objection." ' " *Ocwen Loan Servicing, LLC v. Graf*, 10th Dist. No. 17AP-361, 2018-Ohio-2411, ¶ 27, quoting *Emerson Family Ltd. Partnership v. Emerson Tool, L.L.C.*, 9th Dist. No. 26200, 2012-Ohio-5647, ¶ 15, quoting *Green v. B.F. Goodrich Co.*, 85 Ohio App.3d 223, 228 (9th Dist.1993). Additionally, " ' "[o]nly facts which would be admissible in evidence can be * * * relied upon by the trial court when ruling upon a motion for summary judgment." ' " *Ocwen Loan Servicing* at ¶ 21, quoting *Guernsey Bank v. Milano Sports Ents., LLC*, 177 Ohio App.3d 314, 2008-Ohio-2420, ¶ 20 (10th Dist.), quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 631 (1992), fn. 4.

{¶ 27} Here, appellant's March 2, 2020 affidavit does not contain an averment that would permit the trial court to find that the disputed documents are what appellant claims them to be, as required by Evid.R. 901.[4] On May 6, 2020, appellant did file an unsworn document entitled "Plaintiff's Sworn Declaration Document of Statements and Evidence/Matter of Fact With Exhibits." In this document, appellant claims that she is competent to interpret medical records and provide an expert opinion as to appellee's blood alcohol level at the time of the accident based on her certification as an x-ray technician.

---

[4] Appellee did not object to the vehicle collision report.

She also claims that, at trial, she "would have an expert witness testify as to [appellee's] Medical Records, Medical Terminology, Results and answer questions."   (Pl.'s Sworn Declaration Document at 5.)

{¶ 28} The trial court decision states that "[appellant's] Motion asserts [appellee] was under the influence of alcohol or drugs at the time of the collision.  The Court finds [appellant] failed to support this assertion with any competent Civ.R. 56 evidence." (July 2, 2020 Decision at 4.)  We agree with the trial court.

{¶ 29} The medical records appellant submitted in support of her claim that appellee was intoxicated at the time of the collision are not properly authenticated either by the testimony of the custodian of those records or a witness with personal knowledge of the information contained in those records.  *See* Evid.R. 901.  Similarly, appellant's unsworn statements as to her qualification as an expert do not support a finding that she is competent to interpret the scientific documents she submitted or render an expert opinion as to appellee's blood alcohol level at the time of the collision.   *See* Evid.R. 702(B).  Moreover, this court's review of the medical records submitted by appellant reveals nothing that would even arguably support such conclusion, as there is no notation, statement, or other indication in the medical records regarding appellee's blood alcohol level.  Appellee was not cited for OMVI or any other traffic offense as a result of the vehicle collision in question.

{¶ 30} Appellant's bald assertion appellee lied about consuming alcohol on the day of the accident is insufficient to create a genuine issue of fact as to appellee's intoxication, absent some admissible evidence to support a finding appellee had alcohol in his system.  Appellant did not submit any such evidence to the trial court.  Moreover, as discussed above, the only reasonable conclusion to be drawn from appellant's deposition testimony is that Walker's negligence was the sole proximate cause of her injury.

{¶ 31} We note appellant was initially represented by counsel in this matter, but her retained counsel moved to withdraw from the case on January 7, 2020.  The trial court granted the motion to withdraw on February 27, 2020.  Appellant thereafter prosecuted her action pro se.  Pro se litigants "are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th

Dist.2001). "In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel." *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 32} Here, appellee properly supported his motion for summary judgment with admissible evidentiary materials demonstrating the absence of a genuine issue of material fact as to the critical issue of appellee's negligence. Because appellant failed to satisfy her reciprocal burden of producing admissible evidentiary materials demonstrating a genuine issue of material fact, appellee is entitled to judgment as a matter of law. Accordingly, we hold the trial court did not err when it granted summary judgment in favor of appellee and denied appellant's motion for summary judgment. The assignment of error is overruled.

## IV. CONCLUSION

{¶ 33} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, LUPER SCHUSTER, and BEATTY BLUNT, JJ., concur.

_____