[Cite as *Myles v. Twin Valley Behavior Healthcare*, 2021-Ohio-2119.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ronald R. Myles, Jr., | : | |
| Plaintiff-Appellant, | : | No. 20AP-452 |
| | | (Ct. of Cl. No. 2020-00288JD) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Twin Valley Behavior Healthcare, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 24, 2021

**On brief:** *Ronald R. Myles, Jr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Howard H. Harcha, IV*, for appellee.

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Ronald R. Myles, Jr., appeals from a judgment of the Court of Claims of Ohio granting the motion to dismiss filed by defendant-appellee, Twin Valley Behavior Healthcare ("Twin Valley"). For the following reasons, we affirm.

{¶ 2} On May 4, 2020, Myles filed a complaint in the Court of Claims against Twin Valley and two other defendants that are not state agencies or instrumentalities. A week later, the Court of Claims sua sponte dismissed the other two defendants for lack of jurisdiction, leaving Twin Valley as the sole defendant. Myles alleged Twin Valley repeatedly committed medical malpractice and deprived him of his constitutional rights in connection with diagnosing him as mentally incompetent. In June 2020, Twin Valley moved to dismiss Myles' complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(1) and (6). Myles

filed a response requesting the Court of Claims deny Twin Valley's motion to dismiss and grant him summary judgment pursuant to Civ.R. 56. On September 8, 2020, the Court of Claims granted Twin Valley's motion to dismiss and denied as moot Myles' summary judgment motion. To the extent Myles brought constitutional claims, the Court of Claims dismissed those for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1). The Court of Claims dismissed the remainder of the complaint pursuant to Civ.R. 12(B)(6).

{¶ 3} Myles timely filed a notice of appeal that identifies the Court of Claims' September 8, 2020 entry as the judgment from which this appeal has been taken. But his merit brief does not set forth a statement of the assignments of error presented for review, as required under App.R. 16(A)(3). Consequently, it is unnecessary for this court to address his arguments. We may simply affirm the Court of Claims' judgment. *Covington v. Butcher*, 10th Dist. No. 20AP-373, 2021-Ohio-1596, ¶ 15, fn. 2. However, we have discretion to review the merits of the judgment appealed from. *Id.* In this appeal, we exercise that discretion and review the appealed judgment. *See Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2 (even though appellant did not comply with the appellate briefing rules, the court "consider[ed] the issues raised by [the] appellant, albeit, in a consolidated fashion"). Therefore, at issue is whether the Court of Claims erred in dismissing Myles' complaint pursuant to Civ.R. 12(B)(1) and (6), and in denying as moot Myles' summary judgment motion.

{¶ 4} We find the Court of Claims properly dismissed Myles' constitutional claims pursuant to Civ.R. 12(B)(1). Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6. Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits. *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, citing *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. In deciding a Civ.R. 12(B)(1) motion, a court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum. *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14. An appellate court reviews de novo a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

{¶ 5}  As a court of limited jurisdiction, the Court of Claims has no subject-matter jurisdiction over alleged violations of constitutional rights. *Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-240, 2018-Ohio-3392, ¶ 9.  Therefore, insofar as Myles' complaint alleged constitutional claims, those claims were properly dismissed for lack of subject-matter jurisdiction.

{¶ 6}  We also find the Court of Claims properly dismissed the remainder of Myles' complaint under Civ.R. 12(B)(6).  Pursuant to this rule, a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).  In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief.  *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.).  When reviewing a decision on a Civ.R. 12(B)(6) motion, this court's standard of review is de novo.  *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 7}  The Court of Claims found that Myles' claims are barred by the statute of limitations.  A trial court may grant a motion to dismiss based on the application of a statute of limitations when the complaint shows conclusively on its face that the action is time-barred.  *See Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus.  The statute of limitations for claims brought in the Court of Claims is set forth in R.C. 2743.16(A), which provides in pertinent part: "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."  The general rule is "a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998).

{¶ 8}   Myles filed his complaint in the Court of Claims on May 4, 2020.  The most recent date Myles alleges that Twin Valley engaged in misconduct resulting in injury, damage, or loss to him was January 28, 2016.  Thus, Myles initiated this action more than two years after the most recent alleged wrongful act was committed.   Myles argues, however, that his complaint was timely based on Ohio's savings statute, R.C. 2305.19(A), which states:  "In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."  This means even after the applicable statute of limitations has expired, the savings statute permits a plaintiff to refile within one year after the action has failed "otherwise than upon the merits."  Myles argues the Court of Claims did not properly apply the savings statute.  We disagree.

{¶ 9}   Myles contends he had until at least August 6, 2020 to refile his claims against Twin Valley based on the disposition of prior litigation he initiated against Twin Valley.  Myles attached to his complaint four docket entries from other civil actions he filed.  The first is a September 25, 2018 entry from the United States District Court for the Northern District of Ohio dismissing an action Myles filed against Twin Valley and other defendants.  The second is a June 12, 2018 entry from the Marion County Court of Common Pleas dismissing an action Myles filed against the state of Ohio.  The third is an August 7, 2019 denial of Myles' motion to reopen the case dismissed in Marion County on June 12, 2018.  And the fourth is a September 20, 2019 entry from the Third District Court of Appeals dismissing Myles' attempt to appeal from the Marion County trial court's denial of his motion to reopen.

{¶ 10} Even assuming the September 25, 2018 entry constituted a dismissal of Myles' action against Twin Valley otherwise than upon the merits pursuant to R.C. 2305.19(A), this dismissal was filed more than one year before Myles initiated this action.  As to the third and fourth entries, the rulings reflected therein did not result in a "failure otherwise than upon the merits."  The case that was the subject of those entries already had been dismissed, and Myles' attempt to seek the Marion County trial court's reconsideration of the final judgment was a nullity.  *See, e.g.*, *McCualsky v. Appalachian Behavioral*

*Healthcare*, 10th Dist. No. 16AP-442, 2017-Ohio-1064, ¶ 13 ("a motion for reconsideration of a final order in a civil case is a nullity and all judgments or final orders from said motion are also a nullity"). Therefore, the savings statute does not operate to render Myles' complaint timely. Because Myles' claims are barred by the statute of limitations, the Court of Claims properly granted Twin Valley's motion to dismiss.

{¶ 11} Lastly, insofar as Myles challenges the Court of Claims' denial of his summary judgment motion as moot, we reject that contention. The granting of a motion to dismiss renders a summary judgment motion moot. *Barker v. Emergency Professional Servs.*, 11th Dist. No. 2013-T-0018, 2014-Ohio-1368, ¶ 18.

{¶ 12} For these reasons, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT and NELSON, JJ., concur.

NELSON, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).