[Cite as *Columbus v. Dixon*, 2021-Ohio-4062.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

City of Columbus,                              :

      Plaintiff-Appellee,              :              No. 20AP-306
                                        (M.C. No. 2020 TRD 103834)

v.                                             :

                                         (REGULAR CALENDAR)

Adam Dixon,                                    :

      Defendant-Appellant.             :

---

N U N C   P R O   T U N C   D E C I S I O N
Rendered on November 16, 2021

---

**On brief:** *Zachary M. Klein,* City Attorney*, Melanie R. Tobias, Orly Ahroni,* and *Matthew D. Sturtz,* for appellee. **Argued:** *Matthew D. Sturtz.*[1]

**On brief:** *Campbell Law, LLC,* and *April F. Campbell,* for appellant. **Argued:** *April F. Campbell.*

---

APPEAL from the Franklin County Municipal Court

JAMISON, J.

{¶ 1} Defendant-appellant, Adam Dixon, appeals from a judgment of the Franklin County Municipal Court, convicting him of a violation of Columbus City Code 2133.03(A), for failing to maintain an assured clear distance ahead. For the reasons that follow, we affirm.

**I.  Facts and Procedural History**

{¶ 2} At approximately 5:30 p.m. on Thursday, January 16, 2020, Vincent Perdue was driving home from his job as a UPS driver. Perdue testified that he was headed North on Interstate 270, near the exit for Interstate 70 East, when his vehicle was struck from

---

[1] This nunc pro tunc decision was issued to correct a clerical error that incorrectly identified the attorney that argued this appeal for the City of Columbus.

behind by a gold or silver SUV. According to Perdue, it was the rush hour at the time of the collision and he was either slowing down or stopped behind traffic when the collision occurred. Perdue recalled looking in his rear view mirror as he was breaking for traffic and seeing another vehicle approaching at a high rate of speed. According to Perdue, his vehicle was struck from behind by the SUV, causing his vehicle to lurch forward, strike the vehicle directly ahead of him and come to rest at an angle against the concrete divider.

{¶ 3} Perdue recalled sitting on the concrete divider after the accident and observing that his truck was "destroyed." (Mar. 11, 2020 Tr. at 7.) Perdue identified appellant at trial as the person who operated the older model SUV that struck the back of his vehicle.

{¶ 4} Shellie Dawson testified that on January 16, 2020, she was sitting in traffic on Interstate 270 North waiting for the traffic to clear so she could exit onto Interstate 70 East, when she heard tires squealing behind her. Her vehicle was then struck from behind by an older model pickup truck. After the accident, she spoke to the driver of the truck and he told her that the SUV didn't slow down before striking his vehicle. Dawson observed extensive damage to the front end of the SUV.

{¶ 5} Columbus Police Officer, Frank L. Golden, responded to the traffic accident on January 16, 2020. Officer Golden testified that the stretch of Interstate 270 where the accident occurred is a three-lane highway with no shoulder. When Officer Golden arrived at the scene, he observed a disabled pickup truck against the divider, with extensive rear end damage. He also observed a gold GMC Yukon SUV with extensive damage to the front end. Based on his observations at the scene and the statements of the witnesses, Officer Golden charged appellant with a violation of C.C.C. 2133.03(A), failing to maintain an assured clear distance ahead.[2]

{¶ 6} Appellant took the witness stand in his own defense. According to appellant, as he was traveling in the left lane on northbound Interstate 270, near the exit for Interstate 70 East, two tractor trailer trucks were next to him in the middle lane. Appellant claims he heard squealing tires and he saw a pickup truck traveling ahead of him turning sideways. Appellant testified that another vehicle must have made contact with the pickup truck and put it into the concrete divider. Appellant told the trial court that he had no time to stop

---

[2] C.C.C. 2133.03(A) is identical to R.C. 4511.21(A).

when the pickup truck hit the wall and he could not move his vehicle to the middle lane because it was blocked. Appellant admitted that his vehicle collided with the pickup truck, but he claimed that his vehicle was not traveling fast enough to have pushed the truck into the vehicle in front of it or cause the damage to the pickup truck observed after the accident.

{¶ 7} Appellant also maintained that the front of the pickup truck was "head on" against the wall when his vehicle struck it and that his vehicle contacted the corner of the bed on the passenger's side. (Tr. at 26.) He also told the trial court that the brakes must have failed when he "exerted extra pressure" trying to stop before colliding with Perdue's vehicle. (Tr. at 27.)

{¶ 8} At the close of the evidence, the trial court announced its ruling on the record. The trial court found appellant guilty of a violation of C.C.C. 2133.03(A).

## II. Assignments of Error

{¶ 9} Appellant assigns the following errors for our review:

> **Error 1. The evidence against Adam Dixon for an assured clear distance ahead violation was legally insufficient.**
>
> **Error 2. The trial court's decision to find Dixon guilty should be reversed, because the evidence weighed manifestly against convicting Dixon of assured clear distance ahead.**

## III. Legal Analysis

## A. First Assignment of Error

{¶ 10} In appellant's first assignment of error, appellant contends that his conviction was not supported by sufficient evidence. We disagree.

{¶ 11} "Sufficiency of the evidence is a legal standard that tests whether the evidence is legally adequate to support a verdict." *State v. Kurtz*, 10th Dist. No. 17AP-382, 2018-Ohio-3942, ¶ 15, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Whether the evidence is legally sufficient to support a verdict is a question of law, not fact. *Id.* In determining whether the evidence is legally sufficient to support a conviction, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-

5937, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "A verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. " *State v. Patterson*, 10th Dist. No. 15AP-1117, 2016-Ohio-7130, ¶ 32, citing *State v. Treesh*, 90 Ohio St.3d 460, 484 (2001).

{¶ 12} Columbus City Code ("C.C.C.") 2133.03, pertaining to speed limits, defines a failure to maintain an assured clear distance ahead as follows:

> No person shall operate a motor vehicle * * * upon any street
> or highway at a greater speed than will permit the person to
> bring it to a stop within the assured clear distance ahead.

{¶ 13} A driver violates the assured clear distance statute, if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Covington v. Butcher*, 10th Dist. No. 20AP-373, 2021-Ohio-1596, ¶ 19, citing *Pond v. Leslein*, 72 Ohio St.3d 50 (1995).

{¶ 14} "In a sufficiency of the evidence inquiry, appellate courts do not assess whether the prosecution's evidence is to be believed but whether, if believed, the evidence supports the conviction." *Kurtz* at ¶ 16, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 79. "Further, 'the testimony of one witness, if believed by the jury, is enough to support a conviction.' " *Patterson* at ¶ 33, quoting *State v. Strong*, 10th Dist. No. 09AP-874, 2011-Ohio-1024, ¶ 42. *See also State v. Clark*, 10th Dist. No. 15AP-926, 2016-Ohio-5493, ¶ 25.

{¶ 15} Perdue testified on direct examination as follows:

> Q. What were you doing? You were in traffic?
> A. Yeah, I was in traffic heading over to 70, headed east toward
> Pickerington, where I live.
> Q. Okay.
> A. And traffic came to halt. I was slowing down.
> Q. Uh-huh.
> A. Heavy - - Heavy Braking. I stopped, and I got hit.
> Q. Okay. When you say you got hit, you got...
> A. Rear-ended.

Q. Okay. So the other vehicle…

A. Struck me in the rear; shoved me forward.

\* \* \*

Q. Okay. And prior to being rear-ended, did you see anything in front of you or behind you or…

A. Yeah, I always check the mirrors. I drive a truck for a living; I work for UPS.

Q. Okay.

A. I seen - - I stopped, you know, and you always - - when you're in heavy braking, you're checking your mirrors.

Q. Okay.

A. I seen a car coming, and it looked like he was coming so fast, and I was, like, oh, shit, I'm going to get (indecipherable) Sorry.

The Court:  It's Okay.

[State's Counsel]:

Q. Do you remember - -

A. So, actually, I'm going to get hit. So I hunkered down in the truck and braced, got hit.

(Tr. at 6-7.)

{¶ 16} If believed, Perdue's testimony alone is sufficient to sustain appellant's conviction beyond a reasonable doubt.  Perdue maintained that he was slowing his vehicle because the traffic ahead had stopped and that he looked in his rear view mirror and saw appellant's vehicle approaching at a high rate of speed.  Perdue told the trial court that he "hunkered down" and prepared for the collision.  (Tr. at 7.)  Perdue testified that appellant's vehicle struck the rear of his vehicle, pushing his vehicle into the vehicle in front of him and into the concrete divider.

{¶ 17} Perdue's testimony, if believed, is sufficient to establish, beyond a reasonable doubt, his vehicle was ahead of appellant's vehicle in appellant's lane of travel, his vehicle was moving slowly or stopped in the same direction as appellant's vehicle, his vehicle did not suddenly appear in appellant's path, and his vehicle was reasonably discernible to appellant.  Perdue's testimony is consistent with Dawson's account of the incident and Officer Golden's observations at the scene.  Accordingly, the evidence is sufficient to

establish, beyond a reasonable doubt, that appellant operated his vehicle at a greater speed than what would permit him to bring his vehicle to a stop within the assured clear distance ahead.

{¶ 18} For the foregoing reasons, we hold that appellant's conviction is supported by sufficient evidence in the record. Accordingly, we overrule appellant's first assignment of error.

## B. Second Assignment of Error

{¶ 19} In his second assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. We disagree.

{¶ 20} "In considering a defendant's claim that a jury verdict is against the manifest weight of the evidence, '[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Williams*, 10th Dist. No. 10AP-779, 2011-Ohio-4760, ¶ 20, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). "Further, '[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Williams* at ¶ 20, quoting *Martin* at 175.

{¶ 21} "Unlike the standard of review for sufficiency of the evidence, 'a reviewing court does not construe the evidence most strongly in favor of the prosecution when using a manifest-weight standard of review.' " *Williams* at ¶ 21, quoting *State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, ¶ 81 (2d Dist.). "A manifest weight of the evidence challenge 'questions the believability of the evidence and asks a reviewing court to determine which of the competing inferences is more believable.' " *Williams* at ¶ 21, quoting *Woullard* at ¶ 81. "However, an appellate court 'may not substitute its judgment for that of the trier of fact on the issue of the credibility of the witnesses unless it is patently apparent that the factfinder lost its way.' " *Williams* at ¶ 21, quoting *Woullard* at ¶ 81.

{¶ 22} Appellant relies on *Haney v. Law*, 1st Dist. No. C-070313, 2008-Ohio-1843, in support of his contention that his compliance with R.C. 4511.21 was impossible due to Perdue's sudden appearance in his lane of travel. In *Haney*, plaintiff Haney sustained

personal injuries when her vehicle was rear ended by a bus, the hood of her vehicle flew up, and she lost control before being struck from behind by a vehicle operated by defendant.

**{¶ 23}** At trial, in Haney's negligence claim, defendant testified that after Haney's hood flew up, he "veered to the right, back to the left, and then further left; and that Haney had shadowed each evasive maneuver--suddenly appearing in front of him." *Id.* at ¶ 17. The trial court denied Haney's motion for a directed verdict and Haney appealed. On appeal, the appellate court determined that the trial court did not err in denying the motion for directed verdict because the testimony revealed defendant's compliance with the assured clear distance statute was rendered impossible by Haney's maneuvering, and that defendant was not at fault for Haney's erratic driving. The *Haney* court set forth the law applicable to rear end vehicle collisions as follows:

> The Ohio Supreme Court has declared that a following vehicle does not violate the assured-clear-distance statute when the lead vehicle suddenly appears in the path of the following vehicle, and when the following vehicle is not at fault for the lead vehicle's sudden appearance: "When a lead vehicle departs from a following motorist's line or path of travel, only to reenter the line or path of travel suddenly and without the fault of the following motorist at a forward distance insufficient to allow the following motorist to avoid collision in the exercise of ordinary care, the following motorist is not negligent per se for failing to maintain an assured clear distance. This is true regardless of whether the lead vehicle completely leaves the lane of traffic in which both the lead and following motorists are traveling.

(Footnotes and citations omitted.) *Id.* at ¶ 16, quoting *Pangle v. Joyce*, 76 Ohio St.3d 389 (1996).

**{¶ 24}** The testimony in this case is dramatically different from the testimony in *Haney,* and a different result is required. In *Haney*, the undisputed testimony showed that Haney lost control of her vehicle and repeatedly swerved in and out of defendant's lane of travel before suddenly appearing in front of him, just prior to impact.[3] There is no such testimony in this case. Here, appellant testified that Perdue's vehicle swerved in front of him and then stopped against the concrete divider. Moreover, the court of appeals in

---

[3] Haney did not testify at trial due to her claim of amnesia.

*Haney* was required to view the testimony in defendant's favor in reviewing the denial of *Haney's* directed verdict motion. Here, the trial court made it clear that the state's witnesses were more credible than appellant. The trial court gave the following explanation in announcing the verdict:

> The Court: Well, based on the testimony, I am going to find you guilty of the offense of ACDA in violation of 2133.03 (A) of the Columbus City Code. The testimony from three individuals [are] all consistent in that the one thing I would focus on would be the damage to the vehicles.
>
> Under your version of events, the vehicle directly in front of you, you're saying that he hit his brakes and then lost control and went head -- went face into the wall, and then you struck him on the rear quarter of his vehicle. But the police report's damage indicates that the damage to his vehicle is on the back of his vehicle. * * * Under your theory, the vehicle – you would have struck his vehicle on the side, which would - - also doesn't jibe with the fact that his vehicle then struck the vehicle in front of him.
>
> The testimony of the officer and the two witnesses is consistent in that it's a typical accident in heavy traffic, where traffic stops for whatever reason. One car hits another car, which propels that car into a third car, and that's what happened here. You have - - your car has front-end damage. His car has rear-end damage from being struck by your car. Then his car has front-end damage from being pushed into the car in front of it, and that car has rear-end damage.
>
> * * *
>
> The Court: - - and it's not consistent with your testimony. *When it comes to a situation like this, I have to balance everything I hear. If it was you saying one thing and another person saying another, okay, that leaves it a little more up in the air. Here I've got three people that are testifying as to the situation laid out, two of which were involved in the accident, one person who comes afterward and does the investigation. Their testimony is all consistent - -*
>
> * * *
>
> The Court: - - and so, based on that, I do find you guilty beyond a reasonable doubt of ACDA in violation of 2133.03(A) of the Columbus City Code.

(Emphasis added.)  (Tr. at 29-31.)

{¶ 25} "A manifest weight of the evidence challenge 'questions the believability of the evidence and asks a reviewing court to determine which of the competing inferences is more believable.' " *Williams* at ¶ 21, quoting *Woullard* at ¶ 81. Our review of the record reveals no basis to question the trial court's assessment of the weight and credibility of the evidence. As previously noted, Perdue's testimony alone is sufficient to sustain appellant's conviction. We also agree with the trial court that Perdue's testimony is consistent with the testimony of the other witnesses and the damage to the three vehicles involved in the accident as described by Perdue and Officer Golden. The evidence regarding the damage to the three vehicles after the collision belies appellant's testimony regarding the position of Perdue's vehicle at the time of impact as well as the point of impact.

{¶ 26} Ohio law provides that a vehicle stopped in the roadway does not constitute a sudden emergency that would excuse compliance with R.C. 4511.21(A). *Venegoni v. Johnson*, 10th Dist. No. 01AP-1284, 2002 Ohio App. LEXIS 1920 (Apr. 23, 2002) citing *Coronet Ins. Co. v. Richards*, 76 Ohio App.3d 578, 584 (10th Dist.1991). Even if the trial court had accepted appellant's version of events as true, appellant did not state that Perdue's vehicle suddenly appeared in his lane of travel. Rather, appellant maintained that Perdue's vehicle turned sideways in front of him and then stopped suddenly against the concrete divider. Appellant testified that he did not have time to stop and was blocked from maneuvering into another lane before colliding with Perdue's vehicle. Thus, appellant's version of the events does not excuse his failure to comply with R.C. 4511.21(A). *See Cox v. Polster,* 174 Ohio St.2d 224, (1963) (Where three motor vehicles are proceeding in the same direction in the same lane of traffic, the fact that the first car comes to a sudden stop causing the second car to swerve out of its lane of traffic does not create a sudden emergency as to the third car so as to relieve the driver thereof from compliance with the assured clear distance statute in relation to the stopped first car.) *Compare Kremer v. White*, 1st Dist. No. C-030801, 2004-Ohio-6154, ¶ 3 ("[T]rial court did not err in granting summary judgment to the defendant on a negligence claim, where the uncontroverted evidence indicated that the decedent had lost control of his motorcycle and suddenly swerved into the defendant's path, and that the defendant could have done nothing to avoid the ensuing collision.").

{¶ 27} We note that appellant misconstrues Officer Golden's testimony in this matter.  Appellant claims that Officer Golden testified he observed Perdue's vehicle blocking two lanes of travel immediately after the accident, the middle and right lane.  Our review of Officer Golden's testimony shows it was appellant's vehicle blocking those two lanes after the accident and Perdue's vehicle was in the left lane against the divider. Officer Golden also testified that "[t]here's no shoulders on each side of the freeway."  (Tr. at 16.) Appellant also claims that he testified at trial that Perdue's vehicle swerved sideways into the middle lane and occupied two lanes of travel before swerving back into the divider.  Our review of appellant's trial testimony does not support that claim.  Thus, it was reasonable on this record for the trial court to conclude that Perdue's vehicle never diverged from appellant's path of travel prior to the collision.

{¶ 28} Moreover, as previously noted, the trial court did not find appellant's testimony credible.  On this record, we perceive no justifiable reason to second guess the trial court.

{¶ 29} Based on the foregoing, we hold that appellant's conviction is supported by sufficient evidence in the record and not against the manifest weight of the evidence. Accordingly, we overrule appellant's second assignment of error.

## IV. Conclusion

{¶ 30} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____