[Cite as *Sheets v. Sheets*, 2024-Ohio-443.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Heather A. Sheets, :

    Plaintiff-Appellant, : No. 23AP-226
(C.P.C. No. 15DR-539)

v. :

                            (ACCELERATED CALENDAR)

Scott E. Sheets, :

    Defendant-Appellee. :

Heather A. Sheets, :

    Plaintiff-Appellant, : No. 23AP-259
(C.P.C. No. 15DR-539)

v. :

                            (ACCELERATED CALENDAR)

Scott E. Sheets, :

    Defendant-Appellee. :

D E C I S I O N

Rendered on February 8, 2024

**On brief:** *Heather A. Sheets*, pro se. **Argued:** *Heather A. Sheets*.

**On brief:** *Carpenter Family Law LLC*, and *Kendra L. Carpenter*, for appellee. **Argued:** *Kendra L. Carpenter*.

APPEALS from the Franklin County Court of Common Pleas,
Division of Domestic Relations

PER CURIAM.

{¶ 1} Plaintiff-appellant, Heather A. Sheets, appeals from post-divorce decree orders of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling her objections to the magistrate's decision, denying her motion to set aside the magistrate's order, and denying her motion for emergency order of custody. For the

following reasons, we dismiss her appeal of the denial of her motion for emergency order of custody for lack of jurisdiction, and we affirm the trial court's judgment overruling her objections and denying her motion to set aside.

{¶ 2}   In February 2015, Heather[1] filed a complaint for divorce against defendant-appellee, Scott E. Sheets, whom she married in May 2007.  Two children were born as issue of the marriage.  The parties reached a divorce settlement in March 2016, and a few months later the trial court filed judgment entries granting the divorce and adopting the parties' agreed shared parenting plan.  In June 2020, however, the parties began to request modifications of the allocation of parental rights and responsibilities.

{¶ 3}   On August 10, 2021, a trial court magistrate filed an interim order modifying the parenting schedule and awarding temporary residential parent status to Scott, with Heather given parenting time every other weekend.  Three days later, Scott requested a temporary restraining order against Heather.  The trial court quickly granted the request.  A few days later, Scott moved for emergency custody and the suspension of Heather's parenting time.  The magistrate granted Scott's request to be designated as the temporary legal custodian of the children and ordered very limited supervised parenting time for Heather.  In October 2021, Scott moved for an emergency order suspending Heather's interim parenting time.  The magistrate granted this motion in part and modified the protocols for Heather's parenting time.  In June, July, and October 2022, Heather filed contempt motions.

{¶ 4}   Ultimately, on December 29, 2022, the magistrate entered a final decision concerning the pending requests for changes in the allocation of parental rights and responsibilities.  The magistrate determined it was appropriate to terminate the parties' agreed shared parenting plan and designate Scott as residential parent and legal custodian of the children. The magistrate ordered limited and supervised parenting time for Heather, which could increase incrementally over time if she met certain objective benchmarks.  The trial court adopted the magistrate's decision.  In January 2023, Heather filed a motion to recuse the magistrate, which the trial court denied on March 2, 2023.

---

[1] Because the parties share the Sheets surname, we will refer to them by their first names.

{¶ 5}    On March 9, 2023, Heather filed a motion for change of parental rights and responsibilities, and a motion for emergency custody of the children.  On the same day, the magistrate denied Heather's pending contempt motions, and the trial court adopted this decision.  On March 13, 2023, Heather filed a motion to set aside the magistrate's decision purportedly filed on December 5, 2022, and an objection to an unidentified magistrate's decision.  On March 28, 2023, the trial court filed an entry summarily denying Heather's motion for emergency custody.  On April 10, 2023, the trial court filed a decision and judgment entry overruling Heather's March 13, 2023 objection to the magistrate decision, and denying her March 13, 2023 motion to set aside.  Heather filed notices of appeal from the trial court's March 28, 2023 entry, and from its April 10, 2023 decision and judgment entry.

{¶ 6}    As it involves a jurisdictional issue, we first address Heather's appeal in case No. 23AP-226 from the denial of her motion for emergency temporary custody.  Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to review of final orders of trial courts.  Consequently, if an appealed judgment does not constitute a final, appealable order, an appellate court lacks jurisdiction and must dismiss the appeal.  *Parris v. Chapman*, 10th Dist. No. 20AP-559, 2021-Ohio-3501, ¶ 13.  "An order ruling on the temporary allocation of custody between parents is an interlocutory order, not a final, appealable order."  *Id.*  Here, Heather seeks an appeal from the denial of her March 9, 2023 request for emergency temporary custody of the children during the pendency of her motion filed the same day for reallocation of parental rights and responsibilities.  Because this denial is not a final, appealable order, we must dismiss case No. 23AP-226 for lack of jurisdiction.

{¶ 7}    In case No. 23AP-259, Heather has appealed from a final, appealable order because the appealed trial court judgment rejects Heather's challenge to the magistrate's final disposition of requests for the reallocation of parental rights and responsibilities.  Heather fails, however, to demonstrate trial court error.

{¶ 8}    An appellant has the burden of affirmatively demonstrating error through argument and legal authority.  App.R. 16(A)(7); *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34.  Appellate courts "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16."  App.R. 12(A)(1)(b).  App.R.

16(A)(3) requires "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." "An assignment of error must specify the alleged error on which an appellant relies to seek the reversal, vacation, or modification of an adverse judgment." *Angus v. Angus*, 10th Dist. No. 14AP-742, 2015-Ohio-2538, ¶ 8. At a minimum, an assignment of error submitted for review must be sufficiently clear for the appellate court to glean what error is alleged. *Covington v. Butcher*, 10th Dist. No. 20AP-373, 2021-Ohio-1596, ¶ 15, fn. 2. "If a court cannot comprehend the error asserted, it cannot grant the appellant any relief." *Stoyer v. Fogelman*, 10th Dist. No. 11AP-737, 2012-Ohio-1319, ¶ 21, citing *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 24. This court has discretion in this circumstance, however, to review the merits of the judgment appealed. *Covington* at ¶ 15, fn. 2.

{¶ 9} In case No. 23AP-259, Heather appealed from a trial court decision and judgment entry, filed April 10, 2023, overruling her March 13, 2023 objections to the magistrate's decision and denying her motion, filed the same day, to set aside the magistrate's order. In appealing this judgment, Heather filed a pro se brief. Although Heather proceeds in this matter pro se, she still must adhere to the same rules, procedures, and standards as litigants represented by counsel. *See, e.g., Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010-Ohio-1652. But Heather's statements in her brief, of the assignments of error presented for review, are mostly complaints unrelated to the trial court's April 10, 2023 decision and judgment entry, such as allegations of misconduct by Scott, the magistrate, and the assigned guardian ad litem. And any allegation of trial court error relating to that decision and judgment entry is not supported by reasoned arguments, with citations to pertinent legal authority, that challenge the trial court's bases for overruling Heather's objections and denying her motion to set aside. Despite this deficiency, in our discretion, we have reviewed the appealed judgment for error and find none.

{¶ 10} In denying appellant's motion to set aside the magistrate's order, the trial court found that motion to be untimely. The trial court noted that Heather moved to set aside a December 5, 2022 magistrate's order, but the magistrate did not file any decision on December 5, 2022. The magistrate did sign a decision on December 5, 2022, wherein the magistrate resolved the then-pending requests for changes in the allocation of parental rights and responsibilities, but that decision was not filed until December 29, 2022.

Regardless, Heather's request was untimely.  Pursuant to Civ.R. 53(D)(2)(b), a motion to set aside a magistrate's order must be "filed not later than ten days after the magistrate's order is filed."  Even in relation to the magistrate's December 29, 2022 decision, Heather's March 13, 2023 motion was untimely.  Therefore, we find the trial court did not err in denying Heather's motion to set aside the magistrate's order.

{¶ 11} Nor do we find error in the trial court overruling Heather's objections to the magistrate's decision.  Appellant's March 13, 2023 objections to the magistrate's decision did not specify the decision to which she was objecting.  Under Civ.R. 53(D)(3)(b)(i), written objections to a magistrate's decision must be filed "within fourteen days of the filing of the decision."  Additionally, an "objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."  Civ.R. 53(D)(3)(b)(ii).  The only magistrate's decision filed within 14 days prior to Heather filing her objections was the magistrate's March 9, 2023 decision.  In that decision, the magistrate dismissed Heather's multiple pending contempt motions because she failed to appear at the hearing on those motions.  Heather objected to the (unidentified) magistrate's decision on the basis that the magistrate was "derelict in his duties per the Ohio Code of Judicial Conduct."  (Mar. 13, 2023 Obj. to Decision of Mag.)  But as the magistrate correctly noted, filing objections to a magistrate's decision is not a proper means to seek removal of a magistrate for alleged ethical misconduct.  *See* Civ.R. 53(D)(6) ("Disqualification of a magistrate for bias or other cause is within the discretion of the court and may be sought by motion filed with the court.").  And insofar as she objected to prior magistrate decisions, her objections were untimely.  Thus, the trial court did not err in overruling Heather's objections to the magistrate's decision.

{¶ 12} Based on the foregoing, we dismiss case No. 23AP-226 for lack of jurisdiction, and in case No. 23AP-259 we overrule all of appellant's assignments of error.  Accordingly, in case No. 23AP-259, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Appeal dismissed in case No. 23AP-226;*
*judgment affirmed in case No. 23AP-259.*

DORRIAN, LUPER SCHUSTER, and LELAND, JJ., concur.

———————————